UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRI-STATE PAVING, LLC and
GLOBAL EQUIPMENT LEASING, LTD.,

                              Plaintiffs,

             -against-

THE TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT and
ALLIANT INSURANCE SERVICES, INC.,

                              Defendants.
------------------------------------------------------------------------X
COUNTY OF NASSAU,

                              Plaintiff,

             -against-

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT and
TRAVELERS INDEMNITY COMPANY,

                              Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-cv-05290 (JMA) (JMW)
21-cv-05058 (JMA) (SIL)

**FILED**
**CLERK**

11:59 am, Aug 09, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      The above-captioned cases arise from an insurance coverage dispute among Nassau County; Tri-State Paving, LLC ("Tri-State"), a Nassau County contractor; Alliant Insurance Services, Inc. ("Alliant"), Tri-State's insurance broker; and The Travelers Indemnity Company of Connecticut and Travelers Indemnity Company (together, "Travelers"), the insurance policy provider. Before the Court are Tri-State's motion to remand Case No. 21-cv-05290 (the "Tri-State Action") to state court (see ECF No. 15), and Nassau County's motion to consolidate the Tri-State

Action with Case No. 21-cv-05058 (the "Nassau County Action"). (See ECF No. 11). For the following reasons, Tri-State's motion to remand is GRANTED. Accordingly, Nassau County's motion to consolidate is DENIED.

## I. BACKGROUND

On September 23, 2021, Travelers removed the Tri-State Action to this Court from the Supreme Court of New York, Nassau County pursuant to 28 U.S.C. § 1441(a).[1] (See Notice of Removal, ECF No. 1.) Alliant, Travelers' co-defendant, did not join in or otherwise express its consent to removal at that time. Instead, on October 1, 2021, Alliant filed a pre-motion conference letter seeking leave to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7 ("PMC Letter").) In a footnote in the PMC Letter, Alliant stated: "On September 23, 2021, Travelers removed this action to this Court." (Id. at 1 n.1.) The PMC Letter is otherwise silent as to Alliant's consent to removal.

Shortly thereafter, on October 18, 2021, Nassau County moved to consolidate the Tri-State Action with the Nassau County Action. (ECF No. 11.)

On October 22, 2021, Tri-State filed a pre-motion conference letter seeking leave to file a motion to remand based on Alliant's failure to consent to removal within thirty days of September 3, 2021, when Travelers was served with the complaint in the Tri-State Action. (ECF No. 15.) Travelers opposed Tri-State's request. (ECF No. 16.) On November 1, 2021, Alliant submitted a letter indicating that it "affirmatively consents to the removal and the jurisdiction of the Court, as evidenced by its pre-motion conference letter seeking to file the motion to dismiss the complaint." (ECF No. 17.) After the Court invited the parties to submit additional briefing regarding Tri-State's

---

[1] Travelers also removed the Nassau County Action to this Court from the Supreme Court of New York, Nassau County on September 10, 2021.

2

motion to remand (see Electronic Order dated December 2, 2021), on December 16, 2021, Alliant filed a supplemental letter opposing remand. (ECF No. 21.)

## II.  DISCUSSION

A defendant may remove a suit filed in state court to federal court if certain requirements are satisfied. 28 U.S.C. § 1441(a). 28 U.S.C. § 1446(b) sets out the procedures for removal. The notice of removal "shall be filed within 30 days after the receipt by the defendant" of the initial pleading or summons, "whichever period is shorter." Id. § 1446(b)(1). Critically, within the thirty-day window, "all defendants who have been properly joined and served must join in or consent to the removal of the action." Id. § 1446(b)(2)(A). This requirement is known as the "rule of unanimity." Taylor v. Medtronic, Inc., 15 F.4th 148, 150 (2d Cir. 2021).[2] Accordingly, in a multiple-defendant case, each defendant must "independently express their consent to removal." Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012); see also Alleyne v. Wells Fargo Bank, N.A., No. 21-CV-9598, 2022 WL 1110489, at *1 (S.D.N.Y. Apr. 12, 2022) ("In the wake of Pietrangelo, every district court in this Circuit to consider the issue has held that the statute requires submission by each defendant of written consent unambiguously agreeing to removal."). Because "statutory procedures for removal are to be strictly construed," courts must "resolve any doubts against removability." Taylor, 15 F.4th at 150.

In light of the foregoing, Defendants have failed to establish that removal was proper. See Amparo v. City of Yonkers, No. 21-CV-02672, 2021 WL 2313468, at *2 (S.D.N.Y. May 10, 2021) ("[T]he party seeking to remove the case bears the burden of establishing that removal is proper.").

---

[2] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

First, as discussed above, Alliant did not join in Travelers' Notice of Removal or otherwise indicate its consent at the time of removal.  (See ECF No. 1.)

Second, Alliant's expression of consent to removal in its November 1, 2021 letter is ineffective.  The thirty-day window for Alliant to consent to removal expired—at the latest—on October 3, 2021.[3]  And, as the Second Circuit has explained, where "a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent." Taylor, 15 F.4th at 151.  Even though Alliant subsequently "affirmatively consent[ed] to the removal and the jurisdiction of the Court," (ECF No. 17), its late consent was without effect because "nothing in the [removal] statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses." Taylor, 15 F.4th at 153.

Finally, Alliant and Travelers urge the Court to hold that Alliant's PMC Letter filed on October 1, 2021—within the thirty-day window—properly expressed Alliant's consent to removal.  Alliant and Travelers point to Taylor, in which the Second Circuit noted—but did not decide— that, for purposes of expressing consent to removal, "[i]t may be that a motion to dismiss accepting removal or opposition to remand can satisfy the writing requirement if made within the statutory time period for removal." Taylor, 15 F.4th at 151.  According to Alliant and Travelers, the PMC Letter should be considered akin to "a motion to dismiss accepting removal," thereby satisfying the rule of unanimity and making removal proper.  The Court disagrees.

---

[3] The parties do not address when Alliant was served in the Tri-State Action, and instead appear to assume that Alliant's thirty-day window to join in or consent to removal under 28 U.S.C. § 1441(b) was triggered by service on Travelers on September 3, 2021.  Based on the Court's review of the underlying state court docket (Index No. 609809/2021), it appears that Alliant was served with a summons via its registered agent on August 5, 2021.  (See Doc. #3.)  However, under 28 U.S.C § 1446(b)(2)(c), "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Even if Alliant—as the earlier-served defendant— had thirty days following service on Travelers—the later-served defendant—to express its consent to removal, Alliant did not timely consent by October 3, 2021.

Taylor did not hold that a "motion to dismiss accepting removal" within the statutory time period for removal, without more, satisfies the consent requirement of § 1446(b). Although the Second Circuit did not foreclose this possibility, it expressly declined to reach the question. See Taylor, 15 F.4th at 151 ("[T]hat is not the question before us.").

In addition, the cases on which Alliant and Travelers rely are distinguishable—and were in fact distinguished by the Second Circuit in Taylor. In Christiansen v. West Branch Community School District, the late-removing defendant "filed a motion to dismiss and submitted an accompanying brief" endorsing removal within the thirty-day statutory period. 674 F.3d 927, 933 (8th Cir. 2012) (emphasis in original). The late-removing defendant's brief expressly adopted arguments from its co-defendant's brief, which asserted that "removal pursuant to 28 U.S.C. § 1441(a) [was] appropriate under federal question jurisdiction." Id.; see also id. (explaining that holding was "limited to the specific facts of this case"). Unlike the brief in Christiansen, Alliant's PMC Letter merely notes that "Travelers removed this action to this Court." (PMC Letter at 1 n.1.) The PMC Letter takes no position as to whether removal was proper. As courts in this Circuit have consistently recognized, however, "something more is required for a defendant to express unambiguous consent to removal than merely advising the removing defendant that it consents to removal or filing documents that do not address consent on the federal docket." L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc., No. 16-CV-3766, 2017 WL 1207839, at *5 (S.D.N.Y. Mar. 31, 2017) (remanding case despite non-removing defendant's filing of notices of appearance, corporate disclosure statement, and pre-motion letter in anticipation of motion to dismiss).[4]

---

[4] The Court finds the other cases cited by Alliant and Travelers distinguishable for the same reasons discussed in Taylor. In Esposito v. Home Depot, the First Circuit held that a non-removing defendant's answer within the thirty-day window and subsequent opposition to the plaintiff's motion to remand cured the defendant's failure to expressly consent to removal. 590 F.3d 72, 74–77 (1st Cir. 2009). As the Second Circuit explained in Taylor, however, "the First Circuit did not consider the remand question in Esposito until after an appeal was taken from a grant of summary judgment, raising the prospect of inconsistent state and federal judgments and undoing years of litigation practice."

For these reasons, and because the Court must "resolve any doubts against removability," Taylor, 15 F.4th at 150, the Tri-State Action must be remanded. Because the Tri-State Action is remanded, Nassau County's motion to consolidate the Tri-State Action and the Nassau County Action is denied.

### III. CONCLUSION

For the reasons stated above, Tri-State's motion to remand is GRANTED, and Nassau County's motion to consolidate is DENIED. The Clerk of the Court is respectfully directed to: (1) mail a certified copy of this order to the Clerk of the Supreme Court of New York, Nassau County; and (2) close Case No. 21-cv-05290.

**SO ORDERED.**

Dated: August 9, 2022
Central Islip, New York

                                                      /s/    (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

---

15 F.4th at 152. Here, by contrast, discovery has been stayed pending disposition of the motion to remand. (See December 7, 2021 Electronic Order.) And in Harper v. AutoAlliance International Inc., the non-removing defendant timely concurred in removal and answered within the thirty-day window, affirmatively stating that jurisdiction and venue in federal court were proper. 392 F.3d 195, 201–02 (6th Cir. 2004).